UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSHUA BELL,<br>*individually and on behalf of*<br>*all others similarly situated,*<br><br>    Plaintiffs,<br><br>v.<br><br>WALGREENS BOOTS ALLIANCE, INC.,<br>and WALGREEN CO.,<br><br>    Defendants. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT WALGREEN CO.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Walgreen Company ("Walgreen Co.") hereby gives notice of removal of this action, captioned *Joshua Bell, individually and on behalf of all others similarly situated*, v. *Walgreens Boots Alliance, Inc., and Walgreen Co.*, No. 2211-CC00665, from the Circuit Court for St. Charles County, Missouri to the United States District Court for the Eastern District of Missouri.[1] Removal is warranted under 28 U.S.C. § 1441(b) because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. § 1332. In support of this Notice of Removal, Walgreen Co. states the following:

**I. BACKGROUND**

1. On July 18, 2022, Plaintiff Joshua Stephen Bell, individually and on behalf of all others similarly situated, filed a Class Action Petition and Jury Trial Demand ("Petition") in the

---

[1] By removing this action to the United States District Court for the Eastern District of Missouri, Walgreen Co. does not waive any defenses, objections, or motions available under state or federal law. Walgreen Co. expressly reserves the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal based on lack of personal jurisdiction, improper venue, and/or the doctrine of *forum non conveniens*.

Circuit Court for St. Charles County, Missouri ("State Court"), captioned *Joshua Bell, individually and on behalf of all others similarly situated*, *v. Walgreens Boots Alliance, Inc., and Walgreen Co.*, No. 2211-CC00665 (11th Judicial Cir. Ct., St. Charles Cnty., MO).  *See* Petition (**Ex. D**). Plaintiff named Walgreen Co. and Walgreens Boots Alliance, Inc. ("Walgreens Boots Alliance") as the defendants in this action.

2. In his Petition, Plaintiff seeks "compensatory damages, restitution, and attorneys' fees, and such further relief as the Court deems just, including injunctive relief." *See* Petition at 18-19.  (**Ex. D**).

3. As set forth more fully below, this Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332, and the action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

**II.     NOTICE OF REMOVAL IS TIMELY.**

4. Pursuant to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"

5. On July 21, 2022, Plaintiff served his Petition on Walgreen Co.  However, as of filing of Walgreen Co.'s Notice of Removal, Plaintiff has not filed a Proof of Service or Return of Summons in the State Court.

6. Based on information and belief, Plaintiff has not served his Petition on Walgreens Boots Alliance, Inc.  Indeed, Plaintiff has not filed a Proof of Service or Return of Summons in the State Court Action that would indicate otherwise.

7. Therefore, Walgreen Co.'s Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because this Notice of Removal is filed within 30 days after Walgreen Co. was served with Plaintiff's Petition.

## III.     REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICITON.

8. Under the provisions of 28 U.S.C. § 1332, this Court would have original jurisdiction over this case and therefore, this case may be removed to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446.

9. Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States . . . " 28 U.S.C. § 1332(a)(1).

10. As explained below, this action may be removed to this Court pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of Missouri, Walgreen Co. is a citizen of Illinois, and Walgreens Boots Alliance is a citizen of Illinois and Delaware, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1). The provisions of 28 U.S.C. § 1441(b)(2) barring removal if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought" does not prevent removal of this action because neither of the named defendants are citizens on Missouri.

11. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Since this Court has "original

3

jurisdiction" over this action under 28 U.S.C. § 1332, this case may be removed pursuant to 28 U.S.C. § 1441.

      **A.    COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES.**

12.    **Plaintiff**: Plaintiff is a resident and citizen of Missouri. *See* Petition ¶ 7. ("Plaintiff Joshua Stephen Bell is a citizen and resident of St. Charles County, Missouri") (**Ex. D**).

13.    **Plaintiff's Proposed Class**: Plaintiff states he is bringing class action claims on behalf of a class that consists solely of Missouri citizens and residents. *See* Petition ¶ 8. ("Plaintiff brings this Class Action Petition individually and on behalf of a putative class of Missouri citizens, and only Missouri citizens.") (**Ex. D**).

14.    **Defendant Walgreen Co.**: Plaintiff alleges, "Defendant Walgreen Co. is a citizen of Illinois. Its principal place of business is at 108 Wilmot Road, Deerfield, IL 60015. It is incorporated in Illinois." *See* Petition ¶ 10. (**Ex. D**). Walgreen Co. does not dispute Plaintiff's allegation and as such, Walgreen Co. is a citizen of Illinois for purposes of diversity jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (holding that a corporation is a citizen of its place of incorporation and its "principal place of business," which is "the actual center of direction, control, and coordination" of the corporation's activities).

15.    **Defendant Walgreens Boots Alliance**: Plaintiff alleges, "Defendant Walgreens Boots Alliance, Inc. is [*sic*] Delaware corporation that is a citizen of Illinois and Delaware. Its principal place of business is at 108 Wilmot Road, Deerfield, Illinois, 60015." *See* Petition ¶ 9. (**Ex. D**). Based off of Plaintiff's assertion, Walgreens Boots Alliance is a citizen of Delaware and Illinois for purposes of diversity jurisdiction.

16.    **Defendants "Does 1 through 10"**: In his Class Action Petition, Plaintiff states that he is filing his case against Walgreen Co. and Walgreens Boots Alliance, in addition to "DOES 1

4

through 10." *See* Petition at 1. (**Ex. D**) Yet, Plaintiff concedes that "[t]he true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names." *See* Petition ¶ 11. (**Ex. D**). Upon information and belief, no Doe Defendant has been substituted with any Defendants in the State Court Action. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Accordingly, the citizenship of Does 1-10 must be disregarded for purposes of diversity jurisdiction.

      **B.**    **THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.**

17. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.[2]

18. Under section 1446(a), a defendant seeking to remove an action must include in its notice of removal "a short and plain statement of the grounds for removal." The United States Supreme Court has explained that "by borrowing the familiar 'short and plain statement' standard" from Rule 8(a) of the Federal Rules of Civil Procedure, Congress "intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee Basin*

---

[2] The preponderance of the evidence standard was announced in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), Pub. L. No. 112–63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112–10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–90 (2014) (explaining the Act); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) ("[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.").

4882-0001-3871

*Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting H.R. Rep. No. 100–889, p. 71 (1988)) (internal quotation marks omitted).  The Court then held that to satisfy the "short and plain statement" requirement, the removal notice must allege the amount in controversy "plausibly" but "need not contain evidentiary submissions" to support the allegation.  *Id.* at 83–84.  In so holding, the Court quoted *Ellenburg v. Spartan Motors Chassis Inc.*, 519 F.3d 192 (4th Cir. 2008), for the proposition that "a removing party's notice of removal need not 'meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint.'"  *Dart*, 574 U.S. at 86 (quoting *Ellenburg*, 519 F.3d at 200).[3]

19.    The general federal rule is that the complaint itself determines the amount in controversy.  *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992).  Where, as here, a plaintiff has not alleged a specific amount of damages, a removing defendant must show by a preponderance of the evidence that the amount-in-controversy requirement is met.  *See, e.g.*, *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  The removing defendant may make this showing by demonstrating that it is "facially apparent" from the allegations in the complaint that the jurisdictional threshold likely is exceeded.  *See, e.g.*, *Brand Servs., LLC v. Irex Corp.*, 909 F.3d 151, 155 (5th Cir. 2018); *Allen v. R. & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

---

[3]    If a court questions a defendant's amount-in-controversy allegation, the court *must* give the parties an opportunity to present evidence relating to the allegation and only then decide whether the preponderance of that evidence shows that the amount in controversy is met.  *See Dart*, 574 U.S. at 89 ("Evidence establishing the amount *is required* . . . when . . . the court questions[] the defendant's allegation.") (emphasis added).  In other words, a court may not sua sponte remand a removed case based on a deficient amount-in-controversy allegation before giving the defendant an opportunity to cure the alleged deficiency.  *See, e.g.*, *Ellenburg*, 519 F.3d at 194, 197–98; *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1295–96, 1298 (11th Cir. 2009); *accord Harmon v. OKI Sys.*, 115 F.3d 477, 479 (7th Cir. 1997) (explaining that failure to allege amount in controversy constitutes a "procedural defect" that does not undermine jurisdiction).

20. Plaintiff brings this action individually, and on behalf of all others similarly situated, as a result of the purchase of Walgreens-branded over-the-counter cold and flu medication marketed and sold by Walgreen Co. and Walgreens Boots Alliance, and alleges four causes of action: (1) Breach of Warranty, (2) Breach of Implied Contract, (3) Unjust Enrichment, and (4) Violation of the Missouri Merchandising Practices Act. *See* Petition ¶¶ 79-94; 95-99; 100-106; 107-114. (**Ex. D**).

21. In Plaintiff's Prayer for Relief, Plaintiff states that "aggregate damages derived from a percentage of the Product will not exceed five million dollars…" and "disclaims and/or abandons any and all recovery exceeding five million dollars…" *See* Petition at 19. (**Ex. D**). As such, Plaintiff has clearly conceded that the damages will exceed $75,000.

22. In short, considering the nature of Plaintiff's request for actual and compensatory damages on behalf of himself and numerous other consumers, in addition to his specific disclaimer and abandonment of recovery exceeding five million dollars, it is more likely than not that the amount-in-controversy requirement is met.

**IV.     VENUE IS PROPER.**

23. The United States District Court for the Eastern District of Missouri is the federal district court encompassing the Circuit Court for St. Charles County, Missouri, where this suit was originally filed. *See* 28 U.S.C. § 105(a)(1). This action is therefore being removed to the United States District Court for the district embracing the place where the action is pending, in accordance with 28 U.S.C. § 1441(a).

4882-0001-3871

## V. NOTICE OF REMOVAL TO PLAINTIFF AND STATE COURT AND COPY OF THE COMPLETE FILE FROM THE STATE COURT.

24. Pursuant to Local Rule 2.02, Walgreen Co. has attached the following to this Notice of Removal: Original Filing Form (Designation Sheet) (**Ex. A**), Civil Cover Sheet (**Ex. B**), and Disclosure of Organizational Interests (**Ex. C**).

25. Local Rule 2.03 requires Walgreen Co. to attach a copy of the complete file from the state court. As such, Walgreen Co. has attached the following to this Notice of Removal: Class Action Petition (**Ex. D**), Summons (**Ex. E**), and Current State Court Docket Sheet (**Ex. F**).

26. Local Rule 2.03 requires the attachment of the Proof of Service, if the return of summons is available. However, as of the date of Walgreen Co.'s filing of this Notice of Removal, Plaintiff has not filed a Proof of Service or Return of Summons in the State Court.

27. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be provided promptly to Plaintiff and filed with the Circuit Court for St. Charles County, Missouri. *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.").

28. Walgreen Co. reserves the right to amend or supplement this Notice of Removal.

## VI. CONCLUSION.

WHEREFORE, Walgreen Co. hereby gives notice that the action captioned *Joshua Bell, individually and on behalf of all others similarly situated*, *v. Walgreens Boots Alliance, Inc., and Walgreen Co.*, No. 2211-CC00665, from the Circuit Court for St. Charles County, Missouri is removed to the United States District Court for the Eastern District of Missouri.

4882-0001-3871

Dated: August 22, 2022							Respectfully submitted,

											WALGREEN CO.,

											By its attorneys,


											*/s/ Rachel C. Groves*
											Rachel C. Groves, 72824MO
											SHOOK, HARDY & BACON L.L.P.
											2555 Grand Boulevard
											Kansas City, Missouri 64108
											Telephone: (816) 474-6550
											Facsimile: (816) 421-5547
											rcgroves@shb.com

											***Counsel for Walgreen Co.***

4882-0001-3871

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 22, 2022, I filed the foregoing Notice of Removal with the Clerk for the United States District Court for the Eastern District of Missouri and caused a true and correct copy of the same to be sent via U.S. Mail to Plaintiff's counsel.

        /s/ Rachel C. Groves

Rachel C. Groves, 72824MO
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
rcgroves@shb.com

***Counsel for Walgreen Co.***