**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JOSHUA BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:22-cv-0873-JAR |
| vs. | ) |
| | ) |
| WALGREENS BOOTS ALLIANCE, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion to remand the case to state court. (Doc. 6). The matter is fully briefed and ripe for disposition. For the following reasons, the motion will be denied.

**BACKGROUND**

Plaintiff Joshua Bell filed this putative class action in Missouri state court arising from the purchase of over-the-counter cough and flu medication marketed and sold by Illinois Defendants Walgreens Boots Alliance, Inc., and Walgreen Co. Plaintiff alleges that Defendants misrepresented their cough and flu medications and misled consumers by marketing them as non-drowsy when in fact they contain dextromethorphan hydrobromide (DXM), a substance scientifically proven to cause drowsiness. Plaintiff brings claims for breach of warranty (Count I); implied contract (Count II); unjust enrichment (Count III); and violation of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 400.010, et seq. (Count IV). In his petition,

1

Plaintiff requests compensatory damages, restitution, attorney fees, and injunctive relief on behalf of a purported class of thousands of Missouri citizens who purchased the products at issue over a five-year period in Missouri. Plaintiff also included the following stipulation:

> Although aggregate damages derived from a percentage of the Product will not exceed five million dollars ($5,000,000.00), nonetheless **PLAINTIFF, ON BEHALF OF HIMSELF AND THE PURPORTED CLASS, HEREBY DISCLAIMS AND/OR ABANDONS ANY AND ALL RECOVERY EXCEEDING FIVE MILLION DOLLARS ($5,000,000.00).** **Plaintiff and his counsel further stipulate as set forth in <u>Exhibit A</u>, hereto.**

The attached Exhibit A further stated:

> Plaintiff, Joshua Bell, individually through counsel, and Plaintiff's counsel, Daniel Harvath, as counsel in this lawsuit ("Action"), hereby jointly stipulate and affirm the following:
>
> - Plaintiffs will not recover, and completely disclaim recovery of, any combination of damages and/or attorneys' fees related to this Action meeting or exceeding $5,000,000.00;
>
> - If Plaintiff, Mr. Bell, is replaced as named representative in this Action, Plaintiffs' counsel stipulates and affirms and covenants that any and all potential class representatives for this Action must similarly stipulate and affirm the above limitation of recovery;
>
> - Plaintiff and counsel intend for this Stipulation to continue to apply to, and bind, any other class members bringing any claim in this specific Action.

Defendants timely removed the case to this Court under the Class Action Fairness Act (28 U.S.C. § 1332(d)(2)) and subsequently moved to dismiss the case. (Doc. 8). The Court stayed briefing on that motion pending resolution of the present motion to remand. (Doc. 16).

2

In support of his motion to remand, Plaintiff asserts that his stipulation to not recover more than $5 million makes it legally impossible for the amount in controversy to exceed $5 million, so the Court lacks jurisdiction under CAFA. Defendants counter that Plaintiff's stipulation has no effect because, according to Supreme Court precedent in *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013), a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified. Plaintiff replies that his stipulation expressly binds any future representative and class as well, and moreover Defendants fail to provide sufficient evidence to establish that the case satisfies the requisite amount in controversy.

## DISCUSSION

### Legal Standards

CAFA grants federal district courts original jurisdiction over class action lawsuits where the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84-85 (citing 28 U.S.C § 1332(d)(2), (5)(B)). The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Dammann v. Progressive Direct Ins. Co.*, 856 F.3d 580, 583 (8th Cir. 2017). Under this standard, the jurisdictional fact is not whether damages actually are greater than the requisite amount but only whether a fact finder might legally conclude that they are. *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009). To establish the requisite amount in controversy, defendants must present specific facts or evidence demonstrating that the jurisdictional amount has been met. *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036

3

(E.D. Mo. 2004). If the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount. *Bell*, 557 F.3d at 956.

As a general rule, federal courts "resolve all doubts about federal jurisdiction in favor of remand" and strictly construe removal statutes. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007). However, "no antiremoval presumption attends cases invoking CAFA" because the purpose of the statute was to expand federal jurisdiction for certain class actions. *Dart Cherokee*, 574 U.S. at 89 (citing *Standard Fire*, 568 U.S. at 595 (noting that CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant).

**Analysis**

In support of remand, Plaintiff relies on *Rolwing v. Nestle Holdings, Inc.*, 666 F.3d 1069 (8th Cir. 2012), where the Eighth Circuit held that a damages stipulation could preclude removal under CAFA. *Id*. at 1072. However, *Rowling* was later abrogated by the Supreme Court's decision in *Standard Fire*, which held that a pre-certification damages stipulation "can tie [a plaintiff's own] hands, but it does not resolve the amount-in-controversy question" for purposes of determining whether CAFA jurisdiction exists. *Standard Fire*, 568 U.S. at 596. Plaintiff attempts to overcome *Standard Fire* here by further stipulating that any replacement representative must also bind the putative class, but several courts of this district have rejected that approach. *See Muller v. Blue Diamond*

*Growers*, No. 4:22 CV 707 RWS, 2022 WL 4119947, at *2 (E.D. Mo. Sept. 9, 2022); *Fischer v. Vital Pharms., Inc.*, No. 4:22-CV-136 MTS, 2022 WL 1185153, at *1 (E.D. Mo. Apr. 21, 2022); *Dedloff v. Target Corp.*, 4:22-CV-00868 JAR, 2022 WL 5241807, at *3 (E.D. Mo. Oct. 6, 2022); *Diesel v. Procter & Gamble Co.*, 4:22-CV-892, 2022 WL 16948290, at *3 (E.D. Mo. Nov. 15, 2022).  This Court likewise finds Plaintiff's stipulation unavailing.

Additionally, Plaintiff argues that Defendants have not met their burden to show that the amount in controversy exceeds $5 million.  Defendants submit an affidavit by a Senior Sourcing Manager, Barbara Morrison, declaring that total sales for the subject product in Missouri are over $7.4 million, with monthly sales over the past five years ranging from $29,000 to $264,000, such that a nationwide recall of all current inventory would far exceed these amounts.  (Doc. 17-1).  Courts have routinely found affidavits of total sales figures sufficient to satisfy CAFA.  *See Diesel*, 2022 WL 16948290 at *2 (collecting Eighth Circuit and district court cases).[1]   Although Plaintiff claims to seek only a small percentage of total profits (Doc. 4 at ¶ 76), there is no basis to assume or estimate a price premium at this time, and in any case Defendants are not required to provide a formula for calculating damages; total sales figures suffice.  *Raskas v. Johnson*

---

[1]   Plaintiff filed as supplementary authority *Brunts v. Walmart, Inc., et al.*, where the Court remanded the case for lack of sufficient evidence establishing the amount in controversy. Case No. 4:22-cv-1043-RWS Doc. 10 (E.D. Mo. Dec. 12, 2022).  The Court did not discuss Plaintiff's stipulation but simply found that Walmart's representative's affidavit lacked sufficient detail and support to constitute a preponderance of evidence that damages might exceed $5 million.  Notably, the affiant only vaguely asserted that sales were over $5 million and that injunctive relief would cost over $5 million, without specifying any exact figures.

*& Johnson*, 719 F.3d 884, 888 (8th Cir. 2013).  Moreover, Plaintiff's complaint also seeks a disgorgement of profits, benefits, and other compensation (Doc. 4 at ¶¶ 104-106), as well as attorney fees and injunctive relief.

"A class action MMPA case involves some measure of 'risk and complexity' that often generates considerable fees." *Muller*, 2022 WL 4119947, at *3 (quoting *Waters v. Home Depot USA, Inc.*, 446 F. Supp.3d 484, 492-93 (E.D. Mo. 2020)); *see also Faltermeier v. FCA US LLC*, 899 F.3d 617, 622 (8th Cir. 2018) (finding it "more likely than not that attorneys' fees" would be large "considering the expected length of the litigation, the risk and complexity involved in prosecuting class actions, and the hourly rates charged.").  Plaintiff does not address Defendants' argument with respect to attorney fees.

Further, the value of injunctive relief must also be considered where an injunction would cause the defendant to suffer financial loss.  *Lizama v Victoria's Secret Stores, LLC*, 36 F.4th 762 (8th Cir. 2022).  Given the nature of his claims, Plaintiff's request for injunctive relief would necessarily involve a nationwide relabeling campaign and product recall, which Ms. Morrison stated would far exceed Missouri sales figures.

The jurisdictional inquiry is not whether the damages are greater than the requisite amount but only whether a fact-finder might legally conclude that they are. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).  Here, considering total sales together with Plaintiff's request for disgorgement of profits, attorney fees, and injunctive relief, the Court finds that Defendants have demonstrated the possibility of recovery satisfying CAFA's amount in controversy.

**Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **DENIED.** (Doc. 6).

**IT IS FURTHER ORDERED** Plaintiff shall file a response to Defendants' pending Motion to Dismiss within fourteen (14) days of this Order.

Dated this 29th day of December 2022.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE